LUCY BROWN *et al.*, Appellants, v. M. F. LOOS, Respondent.

St. Louis Court of Appeals, April 7, 1896.

1. **Bill of Sale, Construction of.** A bill of sale conveyed "a stock of drugs and jewelry, in fact, all the stock of goods contained in a certain store in building," etc. *Held*, that it did not transfer drugs and jewelry of the vendor contained in other parts of the building designated than the store.

2. **Instructions:** COMMENT ON EVIDENCE. An instruction is held erroneous as improperly withdrawing relevant evidence from the consideration of the jury.

*Appeal from the Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*Sturdevant & Stear* and *Robert Meriwether* for appellants.

*Joseph J. Crites* and *C. D. Jamison* for respondent.

BOND, J.—Plaintiffs replevied from defendant certain goods, claiming title and right of immediate pos-

session under a bill of sale executed by defendant and under a contract made by the parties. There was a verdict and judgment for defendant, from which this appeal is taken.

The facts are that plaintiffs exchanged two lots in the city of St. Louis belonging to the plaintiff wife for certain land, a lot and building including a residence and store "with contents of store, excepting the tools," all situated in Phelps county, Missouri. The instruments evidencing these purchases were a contract using the terms quoted above as descriptive of the goods, wares and merchandise sold, and a bill of sale in the following language:

"Know to all person and persons that the undersigned M. F. Loos has this second day of October, 1894, bargained, sold, conveyed and transferred, unto Lucy Brown a certain stock of merchandise, consisting of a stock of drugs and jewelry, and in fact all the stock of goods contained in a certain store being situated in building which is located on lot six (6), block eight (8), city of St. James.

(Signed)    "M. F. Loos."

The lot and building included in defendant's conveyance was situate in the town of St. James, Missouri. The building embraced a residence portion, where defendant and wife lived, and also a storehouse, separated by a door from the residence part, wherein defendant conducted a drug and jewelry business. Before the exchange of property was had, defendant took the plaintiff husband into the storeroom and showed him the goods on the shelves and the cases containing jewelry, and invited him to bring the plaintiff wife to inspect the same, which was done. The goods replevied were at the time in defendant's possession and contained in trunks kept in the residence portion of the building. There was some evidence that

some goods in the storehouse, when its contents were pointed out to plaintiffs, had been removed from the store after such inspection, from which the jury might have inferred that part of the goods seized were thus removed, although there was no direct evidence to that effect. Plaintiffs took no inventory of the stock purchased by them, nor was any item of the goods taken by the sheriff identified as being part of the stock bought by the plaintiffs.

The theory upon which plaintiffs' action is mainly predicated is that the bill of sale and contract included all drugs and medicines, whether they were contained in the residence part of the building or in the drug store at the time of the trade. The terms of these instruments do not admit of this construction. The bill of sale in express terms confines the right acquired by the plaintiff wife under the purchase to "the stock of goods contained in a certain store, being situated in building which is located on lot 6, block 8, city of St. James. The contract for the exchange of the realty between the parties refers to the personalty conveyed by defendant as "contents of store, excepting the tools." The language contained in both of these writings is free from any latent ambiguity requiring oral explanation or justifying a submission to the jury as to the effect of explanatory evidence. It was the duty of the court to construe the contract as expressed in the two instruments, which it should have done by declaring that they referred exclusively to the contents of the drug store at the date of the inspection. The *onus* of establishing that the articles replevied were contained in the store at the time of the purchase rested upon the plaintiffs. The instructions of the court on this branch of the case were correct.

The sixth instruction of the court, however, was incorrect and misleading. That instruction singled out

one item of the goods admitted to have been removed by the defendant after inspection, and told the jury to disregard it because this particular item was not found by the officer when he seized the goods. The evidence was offered for the purpose of showing that part of the goods were unquestionably removed, and, as other goods actually seized showed indications of removal, it was improperly withdrawn by the court from the consideration of the jury. For this error the judgment will be reversed and the cause remanded. It is so ordered. All concur.